IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| ANA AGUILAR, ) | CASE NO. 11-30699-H3-13 |
| ) | |
| Debtor, ) | |
| ) | |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion for Relief from Automatic Stay to Permit Eviction to Continue Regarding 16802 Great Oaks Glen Drive, Houston, Texas" (Docket No. 3) filed by Federal Home Loan Mortgage Corporation ("Movant"), through its servicer, GMAC Mortgage, L.L.C.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate conforming Judgment will be entered.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Ana Aguilar ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on January 26, 2011.  William E. Heitkamp is the Chapter 13 Trustee.

On August 3, 2010, at a foreclosure sale conducted by a substitute trustee, Debtor's ownership interest in real property located at 16802 Great Oaks Glen Drive, Houston, Texas was sold

to Movant. Movant recorded the substitute trustee's deed in the real property records of Fort Bend County, Texas, on August 18, 2010. (Exhibit M-2).

In Adversary Proceeding No. 11-3089, Debtor contends that the foreclosure sale was wrongful, asserting, inter alia, that the appointment of the substitute trustee was invalid, and that GMAC Mortgage, as the servicer, lacked authority to conduct the foreclosure.

Debtor testified that she is able to make the regular monthly payments on the mortgage. She testified that, prior to the foreclosure, she had attempted to obtain a loan modification. She testified that she is current in making Chapter 13 plan payments.

In the instant motion, Movant seeks lifting of stay for cause, asserting that Debtor has no interest in the property. Movant offered into evidence certified copies of the deed of trust and the substitute trustee's deed. Movant presented no other evidence.

Debtor has proposed a Chapter 13 plan, which calls for Debtor to pay $1,200 per month for 56 months to the Chapter 13 Trustee. The plan calls for Trustee to disburse a regular monthly mortgage payment to GMAC Mortgage, and $7,000 to cure GMAC Mortgage's claim. (Docket No. 2). The court has not yet conducted a confirmation hearing on Debtor's plan. Movant has

not filed a proof of claim.

## Conclusions of Law

Under Section 362(d)(1) of the Bankruptcy Code, the court shall grant relief, such as by terminating, annulling, modifying, or conditioning the stay, for cause.  Cause is not defined in the Code, and must be determined on a case by case basis based on an examination of the totality of circumstances. In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

In the instant case, although Movant has a recorded deed transferring Debtor's interest in the property to Movant, Debtor has filed an adversary proceeding contending that the foreclosure sale through which Movant acquired that interest was wrongful.  There was no showing that GMAC was an authorized servicer.  Debtor is capable of making payments, through the Chapter 13 plan, that will be dedicated to Movant.  Accordingly, the court will order that the stay remain in effect, conditioned on the Debtor's making of the payments called for under her proposed Chapter 13 plan.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on March 21, 2011.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE